[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR COUNSEL FEES PENDENTE LITE
Plaintiff seeks counsel fees, pendente lite, claiming inability to obtain legal representation because of lack of funds. She asserts that her husband has paid his attorney a retainer of approximately $50,000 and has sufficient funds available to contribute to her legal expenses.
The trial court has the power to make an award for attorney's fees, pendente lite. RUTKIN, EFFRON, and HOGAN, 8 Connecticut Practice Series: Family Law and Practice § 44.9 (1991); Colin vs.Colin, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 0164108 (February 26, 1999, Kavanewsky, J.);Lakin vs. Lakin, Superior Court, judicial district of Danbury, Docket No. 0327718 (December 9, 1998, Owens, J.); Stiegler vs.Stiegler, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 0165964 (September 24, 1998, Kavanewsky,J.).
The file contains Plaintiff's financial affidavit, dated March 25, 1999, and Defendant's, dated March 29, 1999. Plaintiff's attorney filed affidavits of time spent on this CT Page 15427 litigation, dated September 3, 1999 and October 25, 1999, together with copies of her bills. The bills show the dates and hours of work but have the "explanation" of services redacted. It is not possible, from the form provided, for the court to determine either the nature of the work performed or its relationship to the present dissolution action.
The present record leaves many key questions unanswered. The information presented is insufficient to determine whether an award is appropriate, and, if so, in what amount. Examples include:
 1. Who has paid the mortgage at the family home? Defendant's affidavit indicates that he paid this mortgage. (Pg 5, line 80) If so, does the Plaintiff's financial affidavit reflect the receipt of this money or benefit of the payment, and if not, why not?
 2. Who pays the family food expense? Defendant's affidavit indicates that he pays the sum of $186 per week. Plaintiff's affidavit indicates that she pays $200 per week for food.
 3. Are the Plaintiff's deductions for retirement (SSP deferred — $93.93 and 401K $90.26) mandatory? If so, should not Plaintiff's weekly income figure be increased by these amounts? See, RUTKIN, EFFRON and HOGAN, 7 Connecticut Practice Book: Family Law and Practice § 32.11 (1991). (Optional deductions such as profit sharing plans, IRAs, or stock purchases are not proper reductions from earnings for determination of net income for alimony and other financial orders.)
 4. Has Defendant requested the transfer to him of the trust funds? The trust agreement provides that, at age 21, the trustee shall transfer and pay over the entire balance to the Defendant upon his request. Where is the $270,408.53 trust fund balance as shown on lines 67-68 of the Defendant's March 29, 1999 financial affidavit? If a request has not been made, has the Defendant requested the trustee to advance funds for payment of attorney's fees?
 5. How much of the time shown on the counsel's fee affidavits was related to the Temporary Restraining Order application? By what authority is the court permitted to award counsel CT Page 15428 fees for this effort? Please provide a copy of the application and all pleadings related to this application.
Counsel for Plaintiff shall reclaim this request for short calendar to address these issues.
HILLER, J.